IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY D. ORTIZ,

               Plaintiff,

               v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

               Defendant.

_____

Civ. No. 3:13-cv-01394-MC

OPINION AND ORDER

MCSHANE, Judge:

       Plaintiff Kimberly D. Ortiz brings this action for judicial review of the Commissioner's

decision denying plaintiff's application for supplemental security income. This court has

jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

       Plaintiff seeks benefits as of September 1, 2004 due to disability arising from obesity and

degenerative disc disease. The administrative law judge (ALJ) determined plaintiff is not

disabled. TR 34.[1] Plaintiff argues the ALJ erred by: (1) improperly discounting the credibility of

the plaintiff's testimony concerning the severity of her symptoms and the functional limitations

_____

[1] "TR" refers to the Transcript of Social Security Administrative Record [#7] provided by the Commissioner.

1 – OPINION AND ORDER

of her impairments; and (2) improperly discounting the opinion of Kori Anderson, the family nurse practitioner (FNP) treating plaintiff at the time of plaintiff's administrative hearing. For the reasons stated below, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner," and therefore must affirm. *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The burden of proving the claimant's disability rests upon the claimant until the fifth and final step of the analysis, at which point the burden shifts to the Commissioner to prove the claimant is capable of making an adjustment to work other than what she has done before. 20 C.F.R. § 404.1520.

2 – OPINION AND ORDER

The ALJ found that June 30, 2011 was the date that plaintiff last had social security insurance. TR 27. Plaintiff does not dispute this finding. Accordingly, plaintiff needed to demonstrate that she had a qualifying disability between September 1, 2004, the date she first sought coverage, and June 30, 2011, her last insured date. At step two of his analysis, the ALJ found plaintiff suffered from the severe impairments of morbid obesity and degenerative disc disease. TR 27. The ALJ did not find the plaintiff to be severely impaired by her alleged carpal tunnel syndrome or depression. TR 27-28.

The ALJ found plaintiff had the residual functional capacity (RFC) to, among other things, stand and walk for six of eight hours, and sit for six of eight hours. TR 29. The ALJ provided reasoning to support his finding, relying most heavily on objective medical evidence and the opinions of state agency consultants. *See* TR 29-32. The ALJ's RFC finding was not consistent with FNP Anderson's RFC assessment that, among other things, plaintiff can only stand and walk for forty-five minutes at a time up to one hour out of eight, sit for thirty minutes at a time up to one hour out of eight, and the recommendation that plaintiff lie down for thirty to forty-five minutes four times per day. TR 31, 739-742. The ALJ's RFC finding also was not consistent with aspects of the testimony plaintiff gave at the administrative hearing. TR 32; *see generally* TR 54-57, 66. The ALJ expressly discounted the opinion of FNP Anderson and plaintiff's testimony, and gave great weight to the opinions of the state agency consultants. TR 31-32.

In the fourth step of his analysis the ALJ found based on his RFC findings that plaintiff could not perform any of her past relevant work. TR 32. Finally, in the fifth step of his analysis the ALJ found, based on his RFC findings, that there were a variety of jobs in the national

economy that plaintiff could have performed. TR 33-34. Accordingly, the ALJ found plaintiff did not qualify as disabled under the Social Security Act. TR 34.

Plaintiff argues the ALJ erred in discounting (1) the credibility of plaintiff's testimony, and (2) the opinion of FNP Anderson. Since both of these pieces of evidence bear on the ALJ's RFC findings, they are directly relevant to his determination that plaintiff was not disabled. However, because the ALJ's findings are based on proper legal standards and supported by substantial evidence in the record, the ALJ's decision will be upheld.

**1. The ALJ's Adverse Credibility Determination.**

Where, as here, the plaintiff has presented objective medical evidence of an impairment that could reasonably be expected to produce the pain or other symptoms she has testified to, the ALJ can only reject that testimony by giving "specific, clear and convincing reasons" for his rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir.2007). However, the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989)).

The ALJ "may consider a wide range of factors in assessing credibility." *Ghanim v. Colvin*, 12-35804, 2014 WL 4056530, at *7 (9th Cir. Aug. 18, 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter*, 504 F.3d at 1040.

The ALJ in this case supported his credibility determination with specific references to several of the above factors. Most significantly, the ALJ noted that plaintiff's testimony was inconsistent with "the medical evidence of record." TR 31. The ALJ then referred to objective medical evidence and reports from state agency consultants with specificity. While plaintiff's testimony may have been consistent with the opinion evidence of FNP Anderson, the ALJ properly discounted that evidence, as described below. Plaintiff argues that the ALJ's reasoning was insufficient because he failed to describe the relevance of the objective medical evidence cited in his opinion. This argument has no merit because as already noted, the ALJ gave the purpose for his detailed citations to the objective medical evidence when he said the evidence is inconsistent with plaintiff's testimony.

The ALJ also noted several of plaintiff's specific daily activities that were "not limited to the extent expected given her complaints of disabling symptoms and limitations." TR 31. The activities included preparing quick meals, taking her children to school, light house cleaning, joining a gym with a personal trainer, and attending school for social work. TR 31. These activities indicate capacities that are transferable to a work setting, and are therefore valid considerations in determining credibility. *Molina,* 674 F.3d at 1113 (citations omitted). Plaintiff argues that the ALJ failed to consider the plaintiff's testimony about her limited ability to accomplish these tasks. The ALJ is not required to specifically reference every piece of evidence in the record when writing his opinion. *Howard ex rel Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir. 2003) (citations omitted). He was present at the hearing and stated that he considered the entire record. *See* TR 29. Plaintiff provides no reason to doubt the ALJ on this point.

The ALJ also noted that plaintiff failed to appear for physical therapy sessions, TR 32, which is relevant as a failure to follow a prescribed course of treatment. Additionally, the ALJ

5 – OPINION AND ORDER

noted that plaintiff has not requested any increase in pain medication since December 2009, and made a reasonable inference from this evidence that plaintiff's pain symptoms are generally controlled. TR 32. The ALJ gave specific, clear and convincing reasons for his credibility assessment of plaintiff's claims as to the severity of her symptoms.

**2.  The ALJ's Opinion of FNP Anderson.**

Plaintiff does not dispute that FNP Anderson does not qualify as an acceptable medical source under 20 C.F.R. § 404.153(a), but rather qualifies as an "other source" under § 404.1513(d)(1).  As an "other source" the ALJ was required to give reasons germane to Anderson in order to discount her opinion testimony.  *Molina*, 674 F.3d at 1111. The ALJ provided multiple such reasons. In fact, the ALJ provided several specific and legitimate reasons for giving Anderson's opinion no weight. The ALJ noted that Anderson's opinion seemed based on plaintiff's subjective reports because it was inconsistent with the objective medical evidence and Anderson failed to reference any other evidence she used in forming her opinion. TR 31. Opinions that do not give an explanation for their findings are given less weight than those that do. *Molina*, 674 F.3d 1111-1112. Anderson's opinion was also inconsistent with the opinions of the state agency physical consultants, and there were no recommendations from other treatment providers supporting her opinion. TR 31. Where there exists conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). The ALJ also observed that Anderson's medical source statement was dated after plaintiff's last insured date, TR 31, which entitles it to less weight than medical opinions that were made during the insured period. *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). In this case not only was Anderson's opinion dated after the last insured date, but Anderson did not even begin treating plaintiff until after the last insured date. *See* TR 739.

6 – OPINION AND ORDER

Plaintiff argues that Anderson's opinion, as the only one from a treatment provider, should be entitled to greater weight than any others in the record. While the medical opinion of treating physicians is favored over non-treating physicians, *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007), Anderson was not qualified to give a medical opinion because she was not an acceptable medical source. 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources."). While Anderson's opinion may be medical in nature, it is not cognizable as a medical opinion under SSA regulations. As noted above, the ALJ only needed to provide reasons germane to Anderson in order to discount her opinion, which he did. The ALJ therefore properly discounted Anderson's opinion.

## CONCLUSION

The Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 15th day of September, 2014.

_____/s/ Michael J. McShane _____
Michael McShane
United States District Judge